UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY RAMBUS,

        Petitioner,

v.                                                               Case Number: 08-13888
                                                                 Honorable Lawrence P. Zatkoff

THOMAS K. BELL,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S PETITION TO RECONSIDER WRIT OF HABEAS CORPUS and PETITIONER'S MOTION TO APPOINT COUNSEL

This matter is before the Court on Petitioner's "Petition to Reconsider Petitioner's Writ of Habeas Corpus" [dkt. # 5], regarding this Court's "Opinion and Order Dismissing Petition for Writ of Habeas Corpus," dated September 26, 2008. This Court construes Petitioner's request as a motion for reconsideration of its opinion and order. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant shall not only demonstrate a palpable defect by which the court and parties have been misled but also show that a different disposition of the case must result from a correction thereof." L.R. 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3rd Ed. 1988)). Further, the Local Rules also provide that any

"motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." L.R. 7.1(h)(3).

In his petition, Petitioner argued that his due process rights were violated by the Michigan Parole Board's decision denying him parole. The Court summarily dismissed the petition because Petitioner has no protected liberty interest in parole–his claim is not a cognizable claim in a federal-habeas-corpus proceeding. The Court adheres to its position; the Court finds that Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). Therefore, the Court denies Petitioner's motion. Moreover, as this case is closed and there remains no pending matter before this Court, Petitioner's Motion to Appoint Counsel [dkt. #6] is DENIED as moot.

Accordingly,

**IT IS ORDERED** that Petitioner's "Petition to Reconsider Petitioner's Writ of Habeas Corpus" [dkt. # 5] and Motion to Appoint Counsel [dkt. #6] are **DENIED**.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: October 23, 2008

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 23, 2008.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290